UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEKIMA JALIWA,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br><br>CONCERNED CITIZENS OF SOUTH CENTRAL LOS ANGELES; LOCAL INITIATIVE SUPPORT CORPORATION/CALIFORNIA EQUITY FUND; DOES 1 THROUGH 50,<br><br>　　　　　　　　　　Defendants. | CASE NO. 06cv2617 BTM(LSP)<br><br>**ORDER GRANTING MOTION TO TRANSFER FOR IMPROPER VENUE, DENYING MOTION TO DISMISS FOR IMPROPER VENUE, AND DENYING AS MOOT MOTION TO TRANSFER FOR CONVENIENCE** |

Defendant Concerned Citizens of South Central Los Angeles ("CCSCLA") has filed a Motion to Dismiss for Improper Venue; or in the Alternative to Transfer for Improper Venue (28 U.S.C. § 1406(a)); or in the Alternative to Transfer for Convenience (28 U.S.C. § 1404(a)). For the reasons discussed below, CCSCLA's motion to transfer for improper venue is **GRANTED**.

### I. ALLEGATIONS OF THE COMPLAINT

According to the Complaint, Plaintiff Hekima Jaliwa ("Plaintiff") is and was, at all relevant times, a resident of the County of Los Angeles. (Compl., ¶ 3.) Plaintiff alleges that CCSLA and an entity called "Local Initiative Support Corporation/California Equity Fund"

were partners in the financing, development, and management of an apartment complex called Central Avenue Village Square in Los Angeles. (Compl., ¶ 10.) Plaintiff alleges that he was hired by Defendants to manage the Central Avenue Village Square apartments. (Compl., ¶ 11.) Plaintiff claims that he was improperly classified as an employee exempt from Industrial Wage Order 5-2001, and, therefore, was not paid for working overtime. (Compl., ¶¶ 13-15.) Plaintiff also claims that his hourly wages fell below minimum wage. (Compl., ¶ 15.) In addition, Plaintiff claims that Defendants unlawfully terminated him so that they could avoid paying him past-due overtime wages. (Compl. ¶ 17.)

Plaintiff asserts the following claims; (1) wrongful discharge in violation of public policy; (2) breach of the implied covenant of good faith and fair dealing; (3) failure to pay minimum wage in violation of California law; (4) failure to pay federal minimum wage; (5) failure to pay overtime wages in violation of California law; (6) failure to pay federal overtime; (7) failure to pay wages upon discharge in violation of California law; (8) failure to provide properly itemized wage statements in violation of California law; and (9) unfair competition.

## II. DISCUSSION

CCSCLA argues that venue is improper in this district and seeks a dismissal or transfer to the Central District of California under 28 U.S.C. § 1406(a). In the alternative, CCSCLA argues that the case should be transferred under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interest of justice. The Court finds that venue does not lie in this district and transfers the case to the Central District of California, where the case should have been brought in the first instance.

In a civil action where jurisdiction is not founded solely on diversity of citizenship, venue is proper only in (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

For purposes of venue, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). In a State which has more than one judicial district, the corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State. 28 U.S.C. § 1391(c).

When deciding a motion under Fed. R. Civ. P. 12(b)(3), the pleadings need not be accepted as true, and the district court may consider facts outside of the pleadings. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). Once the defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper. Koresko v. RealNetworks, Inc., 291 F. Supp.2d 1157, 1160 (E.D. Cal. 2003); Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979) (placing burden on Plaintiff in summary judgment context). The trial court must "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1138-39 (9th Cir. 2003).

Plaintiff argues that the Court should not hear CCSCLA's motion because it was brought in violation of a Court order. In early February, Plaintiff filed an ex parte motion, requesting a one-week extension for CCSCLA to file its answer. Plaintiff explained that it had agreed to the extension on the condition that CCSCLA, who was still seeking counsel, file an answer as opposed to a motion. The Court granted the ex parte motion and extended the time for CCSCLA to file an answer only to February 8, 2007. On February 7, 2007, CCSCLA, now represented by current counsel, filed an ex parte application for another extension of time and for permission to file a motion in response to the Complaint. The Court granted the application to extend the time for CCSCLA to answer the Complaint but denied without prejudice CCSCLA's request to file a motion in lieu of an answer "because CCSCLA has not explained why it cannot raise its challenges to the Complaint in its Answer and/or a post-answer motion . . . ."

CCSCLA filed the instant motion (as well as a separate motion to dismiss for lack of

subject matter jurisdiction and/or failure to state a claim for relief) within an hour of filing the answer.  Plaintiff argues that CCSCLA's motion violates the Court's prior order and is also untimely because it was not filed *before* the answer.  Plaintiff's argument lacks merit.  The Court's order did not preclude CCSCLA from filing any post-answer motions.  Improper venue may be challenged in a post-answer motion to dismiss as long as the objection was preserved in the answer.  See, e.g., Broadcasting Co. of the Carolinas v. Flair Broadcasting Corp., 892 F.2d 372, 377-78 (4th Cir. 1989); Steelcase, Inc. v. Mar-Mol Co., Inc., 210 F. Supp. 2d 920 (W.D. Mich. 2002); Walker v. Carnival Cruise Lines, Inc., 681 F. Supp. 470 (N.D. Ill. 1987).  CCSCLA's answer asserts improper venue as its third affirmative defense.  (Answer, ¶ 70.)

Accordingly, the Court turns to the merits of CCSCLA's motion.  The Complaint alleges that venue is proper in this district because Local Initiative Support Corporation/California Equity Fund ("LISC") has a "substantial business presence in this district" in that the entity has an office in downtown San Diego, has financed La Maestra's health clinic in City Heights with a $1,000,000.00 loan, and has invested a total of $139,700,000.00 towards developments in San Diego County.  (Compl. ¶ 2.)

However, CCSCLA has presented evidence that Local Initiatives Support Corporation ("LISC") and California Equity Fund Limited Partnership ("CEF") are two separate entities.  LISC is a New York corporation, while CEF is a limited partnership with an address in Chicago, Illinois.[1]  CCSCLA and CEF formed a limited partnership named Central Avenue Village Square, Ltd. in connection with the Central Avenue Village project.  (McClendon Decl., ¶¶ 8-9; CCSCLA's Ex. D.)  CCSCLA is the general partner and CEF is the limited partner.  (Id.)

CCSCLA is not in a partnership with LISC, the New York corporation, and LISC is not involved with the Central Avenue Village.  (McClendon Decl. ¶ 7.)  Plaintiff argues that McClendon's representations are contradicted by information that was posted on CCSCLA's

---

[1] The Court takes judicial notice that this information is displayed when a business search is performed in the business portal section of the California Secretary of State's webpage at http://www.sos.ca.gov.

website. The website (http://www.ccscla.org/housing.htm) states:

> CCSCLA now builds housing to enable the poor to improve their economic conditions. Our completed development, Roberta Stephens Villas, has been considered a "model for the country" because it goes beyond providing bricks and mortor by providing these types of social programs needed in our community. Roberta Stephens Villas is a joint venture project between CCSCLA and Canaan Housing Corporation (a subsidiary of Second Baptist Church).
>
> One Wilkins Place and Central Avenue Village Square were developed solely by CCSCLA. CCSCLA served as managing general partner of each development and handled all financing for project development and construction. CCSCLA also has in-house property management capabilities and personally establishes its tenant programs. *All three developments are in limited partnership with the Local Initiative Support Corporation (LISC)/California Equity Fund.*
>
> CCSCLA *has a working relationship with LISC* and *enjoys the ability to call upon the organization for technical assistance and mentoring whenever needed. LISC has provided CCSCLA wit [sic] recoverable grants for each of its housing developments and has continued to provide millions in equity for each of CCSCLA's developments* through their equity fund. We can only repay LISC for their priceless assistance by continuing to build the type of developments LISC/CEF is looking for and *by managing our partnership assets in a sound manner*.

(Emphasis added.)

However, this language does not undermine McClendon's declaration. It appears that the website is using the word "partnership" with respect to LISC in the general sense, not the legal sense. When discussing CCSCLA's precise relationship with LISC, the website talks about a "working relationship," not a formal partnership or other legal relationship. The website explains that LISC provides CCSCLA with funding in addition to technical assistance and mentoring when needed.[2]

Plaintiff has not presented any evidence that LISC is his employer or is otherwise

---

[2] This is consistent with LISC's mission statement (posted on its website http://www.lisc.org/section/aboutus/mission/), which explains that LISC "mobilizes corporate, government and philanthropic support to provide local community development organizations with: loans, grants, and equity investments; local, statewide, and national policy support; and technical and management assistance." The website also lists its local offices, including the one in downtown San Diego identified in the Complaint.

liable for his employer's actions.[3]  Therefore, the Court will not consider LISC's contacts with this district for purposes of determining whether venue is proper.  See, e.g., Ervin v. Judicial Council of California, No. C 06-7479 CW, 2007 WL 1489255 (N.D. Cal. May 18, 2007) (disregarding residence of a particular defendant when determining whether venue was proper because Plaintiff had not stated a cause of action against the defendant).[4]

CCSCLA is a nonprofit public benefit organization that conducts its charitable activities in south central Los Angeles exclusively.  (McLendon Decl. ¶ 3.)  CCSCLA does not conduct any activities outside of south central Los Angeles.  (McLendon Decl. ¶ 5.)

As for CEF, Plaintiff's counsel declares: "I am informed and believe that California Equity Fund 1992 Limited Partnership has a substantial business presence in the Southern District of California, such that it 'resides' in the Southern District . . . ."  (Kalooky Decl. ¶ 9.)  However, Plaintiff's counsel does not reveal the basis for his information and belief.  His bare assertion of belief that CEF resides in this district is insufficient to satisfy Plaintiff's burden of establishing that CEF resides in this district.  Therefore, the Court need not reach the issue of whether CEF, as a limited partner, can be held liable for Plaintiff's claims.

---

[3] Plaintiff claims that when the U.S. Marshals attempted to serve LISC at the address of LISC's registered agent, the agent of LISC refused service and informed the U.S. Marshals that service must be made at 4707 S. Central Avenue, Los Angeles, CA 90011, Attn: Noreen McClendon (the agent for service of process for CCSCLA).  However, this incident does not show that LISC was involved in the events underlying the Complaint or that there is some kind of identity between LISC and CCSCLA.  The confusion may very well have been due to the fact that the summons lists the Defendant as "Concerned Citizens of South Central Los Angeles, et al.," or the fact that the Complaint named the defendants as CCSCLA and "Local Initiative Support Corporation/California Equity Fund."

[4] After CCSCLA filed its motion, Plaintiff offered to amend the complaint to change the defendant from "Local Initiative Support Corporation/California Equity Fund" to "California Equity Fund 1992 Limited Partnership."  (Pls.' Ex. E.)  CCSCLA declined Plaintiff's offer, preferring "not to disturb the state of the pleadings at this time."  (CCSCLA's Ex. G.)

1  This action could have been, and should have been, brought in the Central District
2  of California, where Plaintiff, CCSCLA, and CEF reside, and where the events that are
3  the subject of this Complaint took place.  Therefore, the Court transfers this action to the
4  Central District of California.
5
6
7  ### III.  CONCLUSION
8
9  For the reasons discussed above, CCSCLA's motion to transfer for improper
10 venue is **GRANTED**.  This case shall be **TRANSFERRED** to the Central District of
11 California.  CCSCLA's motion to dismiss for improper venue is **DENIED** and CCSCLA's
12 motion for a convenience transfer is **DENIED AS MOOT**.  The Court does not reach the
13 pending motion to dismiss for lack of subject matter jurisdiction/failure to state a claim.
14
15 **IT IS SO ORDERED.**
16
17 DATED:  July 10, 2007
18
19                                                            *[signature]*
20                                                            Hon. Barry Ted Moskowitz
21                                                            United States District Judge